IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARK AVERY RAINES, | * | |
| Petitioner, | * | |
| | | CASE NO. 7:06-CV-9 HL |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 7:02-CR-11 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

On July 24, 2002, Indictment was returned in this court charging Mark Avery Raines with Possession With Intent To Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and a criminal forfeiture allegation under 21 U.S.C. § 853 and 18 U.S.C. § 2253. (R-1). A jury trial resulted in a verdict of guilty against Petitioner as to the first count on June 4, 2003. (R-55). He was sentenced effective December 30, 2003, to a term of 121 months imprisonment. (R-91, 93). Petitioner filed a timely appeal, and on August 19, 2004, The Eleventh Circuit Court of Appeals entered judgment, affirming the District Court. (R-115). Petitioner Raines sought rehearing which was denied on October 25, 2004. Considering time allotted for application for *writ of certiorari,* Petitioner Raines Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 225, (R-120) , filed on January 24, 2006, was within the statute of limitations. 28 U.S.C. § 2255.

### Petitioner's Claims

**Part I.** In **Ground One** of Petitioner's original Motion, Raines raises several allegations of ineffective assistance of counsel. Under the two-part analysis of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to prevail on an ineffective assistance of counsel

claim, a defendant would have to show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. *Id.* To show prejudice, the § 2255 petitioner must "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

Sound tactical decisions within the range of reasonable professional competence are not vulnerable to collateral attack. See, e.g. *Weber v. Israel,* 730 F. 2d 499, 508 (7th Cir. 1984) (choosing a defense is a matter of trial strategy), cert denied, 469 U.S. 850, 105 S. Ct. 167 (1984); *United States v. Guerra,* 628 F.2d 410, 413 (5th Cir. 1980), cert denied. 450 U.S. 934, 101 S. Ct. 1398 (1981). A tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983), cert. denied, 464 U.S. 1063, 104 S. Ct. 745 (1984); accord *Strickland v. Washington,* 466, U.S. 668, 690 (1984).

Tactical decisions made by counsel do not render assistance ineffective merely because, in retrospect, it is apparent that counsel chose the wrong course; *Adams v. Balkcom*, 688 F. 2d 734, 739 (11th Cir. 1982); see also *Alexander v. Dugger,* 841 F. 2d 371, 375 (11th Cir. 1988). Thus, a court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of

counsel's conduct. *Strickland,* 466 U.S. at 690.

**A.** First, in Ground One , Petitioner alleges ineffective assistance of counsel "as a result of trial counsel's failure to call the petitioner as a witness at trial as well as failing to inform the petitioner about a plea offer from the Government." He explains:

> Trial counsel's failure to allow the petitioner to exercise his fundamental rights over whether or not to testify and whether or not to accept a plea offer denied petitioner his Sixth Amendment right to a fair trial and in addition, the ultimate sentence he received was greater than he would have received if he had entered a plea which would have produced a substantially different outcome.

Inasmuch as the issue of whether or not Petitioner's counsel failed to inform petitioner of a plea offer from the Government would have preceded the trial of Petitioner's case, that issue will be addressed first.

Federal courts throughout the United States have considered this issue and unanimously held that counsel is constitutionally ineffective in failing to communicate the existence and terms of a plea offer to his client. *See Cullen v. United States,* 194 F.3d 401 (2nd Cir. 1999); *United States v. Blaylock,* 20 F.3d 1458 (9th Cir. 1994); and *Diaz v. United States,* 930 F.2d 832 (11th Cir. 1991) citing *Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir. 1986), *cert denied,* 479 U.S. 937, 107 S.Ct. 416 (1986) (client must be involved in decision to accept or reject plea offer, and failure to inform client of offer constitutes ineffective assistance).

Petitioner Raines has attached to his Motion, as Exhibit A, a copy of a letter from counsel for the Government to Petitioner's Counsel tendering a plea offer, which if accepted would have resulted in a lower sentence than Petitioner received after trial. The Government's plea offer as contained in said Exhibit is not at issue here. Whether or not Petitioner Raines was informed of the plea offer is

at issue. While Petitioner Raines contends that he was not so informed, his Counsel cannot be questioned on the subject at hearing on Petitioner's Motion, because his died on September 25, 2003, "after a sudden, but brief battle with a rare type of lymphoma", according to Government's Exhibit F, attached to its Response to Petitioner's Motion. Counsel's death is not contested.

These issues were not raised at trial and the record is silent as to whether or not Counsel informed petitioner of the Government Plea offer or his right to testify. The Eleventh Circuit Court of Appeals held in *Rogers v. Zant,* 13 F.3d 384,486 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992).

In *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000), the Court stated:

> The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *See Strickland v. United States,* 466 U.S. 668, 104 S.Ct. 2052, 2064 (1984). Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in favor of reasonable professional judgment . . . Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a very heavy one. *Id.* at 1314.

The *Chandler* Court proffers the additional consideration:

> An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption (of competence). Therefore, where the record is incomplete or unclear about (counsel's) actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment.

*Chandler,* 218 F.3d at 1314 n.15, quoting *Williams v. Head,* 185 F.3d 1223, 1228 (11th Cir. 1999).

There is no support in the record for Petitioner's claim that his counsel failed to inform him of a plea offer from the Government. Likewise, Petitioner Raines does not argue that he would have taken the plea offer. In order to establish the prejudice prong of *Strickland,* Petitioner Raines must have shown, that but for his attorney's errors, *he would have accepted the plea offer*. (emphasis added). *Diaz v. United States,* 930 F.2d 832, 835 (11th 1991). Petitioner's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for his counsel's alleged advice or inaction, he would have accepted the plea offer." *Diaz,* 930 F.2d at 835. "To establish prejudice in this context, Petitioner must have shown that there is a reasonable probability that, but for his counsel's errors, he would have pleaded guilty and would not have stood trial." *Toro v. Fairman,* 940 F.2d 1065, (7th Cir. 1991). To the contrary, Petitioner maintains his innocence in this case to this day. *See* Raines Memorandum attached to § 2255 Motion, at page 13. Petitioner Raines has not established a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea offer, and therefore cannot satisfy the prejudice prontg of *Strickland.*

**B.** Petitioner's contention that his counsel was ineffective for failing to allow him to exercise his fundamental rights over whether or not to testify for himself at his trial is even less persuasive . The record is not entirely silent on this issue. Volumn 2 of the trial transcript (R2/87 at 176) reveals that at the conclusion of the first day of Petitioner's trial, Judge Royal inquired of defense counsel

5

as to whether Petitioner Raines intended to testify or not in his defense, and Counsel could only advise the court at that time that the matter had not yet been determined. Furthermore, when the fourth defense witness had not yet arrived, Petitioner's Counsel advised the court that he would go ahead and put up "Mark", Petitioner Mark Avery Raines (R3/ 88 at 64, 65). Counsel requested on behalf of Petitioner that Petitioner be allowed to have "a bathroom break" before testifying, which the court allowed (Id. at 66). Before the court resumed the trial, however, Petitioner's fourth witness had arrived and counsel called her (Janette Miller) to testify instead of Petitioner Raines. (Id. at 67). At the conclusion of the testimony of Janette Miller, Petitioner's counsel declared that, "The Defense rests" and did not call Petitioner Mark Raines to testify. (Id. at 83). The record *is* silent as to whether or not Petitioner Raines wished to testify and was advised not to testify. He certainly made no objection to the court when his Counsel advised the court that "The Defense rests." It may or may not be inferred that Petitioner and his Counsel actually intended that he testify, but had simply changed their minds after the fourth defense witness had testified and had been vigorously cross-examined. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption (of competence). Therefore, where the record is incomplete or unclear about (counsel's) actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Chandler,* 218 F.3d at 1314 n.15, quoting *Williams v. Head,* 185 F.3d 1223, 1228 (11th Cir. 1999).

Petitioner has not carried his burden of persuasion to overcome the presumption of counsel's effectiveness, nor has he satisfied the second prong of the *Strickland* test by showing that he suffered prejudice by not being called to testify, because his case would have turned out differently.

6

**C.** Petitioner Raines claims that his counsel was ineffective as the result of an insufficient *voir dire* of the jury panel. The record (R2/87 at 51, 52) reveals that Petitioner's Counsel followed the Government's counsel in his *voir dire* of the jury panel. First, Counsel Mutert acknowledged to the jury that he knew *voir dire* to be a slow and tedious process; thanked them for their participation and candor; established that the many of them related or acquainted with law enforcement personell would not more readily believe a law enforcement officer than any average citizen witness; indicated that Government's counsel had ask a lot of the questions he would have asked, assuring the jury that he would not unnecessary repeat questions already put to them; established that no jury member would be more likely to vote to convict petitioner solely on account of his race; and established that Petitioner had the right to testify, but if he decided not of do so, no juror would hold it against him for exercising his right not to testify. Defense counsel in his final question to the jury panel anticipated the Government's intent to introduce a prior conviction Petitioner had and tried to bind the jury not to hold that against Petitioner. (Id. at 53).

Petitioner Raines has neither suggested nor shown that there was any particular juror predisposed against him that counsel's *voir dire* could have ferreted out, or than the outcome of his case would have been different if counsel had conducted *voir dire* differently. *See Brown v. Jones,* 225 F.3d 1273, 1279-80 (11th Cir. 2001). Petitioner has failed to overcome the presumption of effectiveness which the law extends to defense counsel, or that he was prejudiced by counsel's conduct. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).

**D.** Petitioner Raines contends that his counsel was ineffective for failing to cross-examine certain witness sufficiently. He first complains that his counsel did not properly impeach Nikki Booker called by the Government. To the contrary, Counsel impeached Ms. Booker's credibility very

7

effectively. The trial transcript shows that counsel got the witness to admit that she had eleven prior felony convictions. (R2/87 at 167). Petitioner argues that counsel should have gotten her to tell what those prior felonies were. Trial tactic would dictate otherwise, allowing the jury to think the worst, and not taking the chance that she might diminish the significance of her felony convictions by further explanation. During counsel's cross-examination of Ms. Booker, he established that she was indeed hostile to Petitioner for not sending her monetary aid during her prior imprisonment; that she had lied to Federal Agents about her testimony; that she had lied to Petitioner about having an abortion of his child; and that she viewed her testimony for the Government as "my life for his." (Id. at 167 -174). It would be difficult to imagine a more complete impeachment or a most hostile witness. Petitioner does not show how counsel's impeachment of Ms. Bonner would have been more effective with additional questions in regard to her felony convictions or anything else. "When an attorney substantially impeaches the witness, no claim for ineffectiveness can succeed unless the petitioner comes forward with 'specific information' which 'would have added to the impeachment of the State's witness.' *Aldrich v. Wainwright,* 777 F.2d 630, 636-37 (11th Cir. 1985)." *Johnson v. Alabama,* 256 F.3d 1156, 1186 (11th Cir. 2001). Petitioner Raines cannot show that the outcome of his case would have been different if his counsel had even more effectively impeached witness Booker than he did.

      As to Petitioner's claims that counsel failed to sufficiently cross-examine C.H., the juvenile witness, he does not suggest specific information that would have made the outcome of his case different. Additionally, the AUSA had fairly well impeached C.H. himself, by establishing that she was doing crack cocaine, heroin, and marijuana. (R3/88 at 14, 15). Petitioner's counsel established that she had not slept in four days and was "maybe a little" incoherent as the result to doing crack

cocaine, heroin, and marijuana at the time of her arrest. (Id. at 29). He clearly made a strategic decision not to offend the jury by becoming hostile to a juvenile witness, whose delinquency and untrustworthiness were obvious. Petitioner has shown no prejudice from counsel's cross-examination and impeachment efforts with these very difficult witnesses. Moreover, credibility is always a matter for determination by the jury, no matter what counsel may do.

**E.** Petitioner Raines contends that his counsel was ineffective for failing to submit requests to charge to the court. Counsel is not required to submitted request to charge. Most defense counsel hope that the court will give an erroneous charge that may result in a reversal on appeal. Secondly, when the instructions to be given by the court were furnished to counsel at the lunch break at the close of the evidence, both counsel had opportunity to examine the court's charge before it was given to the jury. (R3/88 at 86). Neither party had objections to the charge to be given. When the correct legal principals are given to the jury in instruction or charge, there is no need for a defense attorney to submit his own requests to charge. *See Cape v. Francis,* 741 F.2d 1287, 1301 (11th Cir. 1984). Consider also that Petitioner's conviction and sentence were affirmed on direct appeal. (R-115). This contention does not rise to the level of deficiency and is without merit.

**F.** Petitioner Raines alleges that Appellate Counsel Was Ineffective For Failing To Raise The Issue of Admitting 404(b) Evidence. Fed. R. Cr. P.404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

9

First, Petitioner alleges that Government witness Booker "testified uncontrollably and elicited evidence of prior crimes and convictions of Mr. Raines;" that her testimony was "highly prejudicial to Mr. Raines." The contention that a Government witness' testimony was prejudicial to the defendant states no cause for remedial action, as all prosecution witness' testimony is intended by law to be prejudicial to the defendant, just as all defense witness' testimony would be intended to be exculpatory. At the prompting of Defense counsel, the court cautioned witness Booker about volunteering information as to prior criminal action on the part of Petitioner Raines, before she testified. (R2/87 at 149-50). Nonetheless, witness Booker testified unsolicited to prior criminal actions on the part of herself and Petitioner Raines, all of which the court ruled inadmissable and instructed the jury to disregard her testimony regarding prior criminal actions by Petitioner Raines. (R2/87 at 163, 164, 165). She was indeed *a woman scorned* as it were, but the court's instruction to the jury must be presumed to have been properly employed by the jury. No ineffective assistance appears and petitioner has not shown that his case would have resulted differently had counsel acted differently.

The Government complied with the advanced notice requirement of Fed.R.Cr. P 404(b) with two notices of its intent to introduce prior criminal convictions of Petitioner Raines. Notice of Petitioner Raines drug conviction of November 2001 was served. (R-42). Additionally, the Government served Notice of its intent to introduce evidence of sales of heroin on May 9 and May 18, 2003. (R-43). Defense counsel moved to exclude these introductions of evidence of prior drug crimes (R-50), and the court excluded the 2003 convictions while allowing the introduction of the 2001 convictions for permitted purposes stated in Rule 404(b). (R-51). Appellate was not ineffective for failing to raise the issue of this admission. There was no error and Counsel cannot be

considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). Neither trial nor appellate counsel were deficient in regard to the Rule 404(b) evidence allowed to be introduced by the court.

**G.** Petitioner Raines contends that his trial counsel lacked the skills required to try a federal case. He emphasis that this was counsel's first federal trial. However, every attorney has to try his first federal case and that fact is no cause for ineffective assistance. Petitioner Raines makes a sweeping review of all the claims of ineffective assistance of counsel he has heretofore raised, many of which are not supported at all by the record, and many of which are harmless and fail to indicate prejudice to the Petitioner, even if deficient. Petitioner makes a totality of the circumstances argument, stating, "While no one area of ineffectiveness may in and of itself be compelling regarding the prejudice to the defendant, there can be no question but that the totality of the circumstances regarding the representation received by Mark Avery Raines at the hands of Mr. Mutert conducting his first ever federal criminal trial materially affected the outcome of the case. The foregoing analysis of the trial and the record indicates that trial counsel did every thing but win a very hard case to win. The Government had obtained witnesses Booker and C.H. whose testimony was very prejudicial to the defense of the case. Without repeating all that counsel did, it is fair to say that he probably did as well with a very hard case as any other attorney would have done. He deficiency has not actually been made to appear. It has only been concluded by Petitioner, and petitioner additionally has failed to show how counsel's conduct prejudiced his case. The evidence is what prejudiced Petitioner's case, evidence

which could not have been changed by other counsel or other strategy.  Petitioner's totality of the circumstances claim is without merit.

**H.**  In a Supplemental Brief, Petitioner Raines suggest that his counsel, who died approximately 90 days after the trial "after a sudden, but brief battle with a rare type of lymphoma," was ill during the trial, but fails to demonstrate that that was the case, nor does the record support any such claim. Neither Petitioner nor his counsel mentioned illness during the trial.

Petitioner Raines contends that there was a hotel receipt that would show that there were no drugs in Raines hotel room in Tifton, Georgia on the night of his arrest, and that his counsel "lost" the receipt.   How a hotel receipt would show the absence of drugs in a hotel room is difficult to imagine.  However, Petitioner Raines was charged with the drugs found in the truck he was driving and in a jacket which was identified as his.

Petitioner contends that his counsel failed to call "eye witnesses" to testify at his trial. However, Petitioner does not identify such witnesses, nor does he  suggest what they "eye witnessed" which would have changed the outcome of his case.

There is no merit in these clams, and no showing of ineffective assistance of counsel by deficiency or prejudice.

**Part II.**  In  **Ground Two**, he alleges that his sentence was based, in part, on a judge made finding of aggravating factors in violation of the Sixth Amendment to the United States Constitution. Petitioner argues that the district court judge, not the jury, found that he was  "a leader, manager, or organizer in this jointly undertaken drug charge," in violation of the constitution and causing his

12

offense level to be increased by two (2) points. (R-102 at 8). Additionally in Ground Two, Petitioner argues that the district court, not the jury, determined the drug quantity to be one (1) kilo of cocaine for sentencing purposes. *Id.* Petitioner further argues that these two errors are grounds for relief under *"United States v. Booker*, 543 U.S. ___, 160 L.Ed. 2d 621, 125 S.Ct. 738 (2005), which was decided while Petitioner's case was still <u>not</u> 'final' on direct review." *Id.*

Where a defendant fails to raise an objection in the district court on the basis of *Booker,* the Court of Appeals reviews for **plain error**. *United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied,* — U.S. —, 125 S.Ct. 2935 (2005). No objection under the *Booker* decision could have been made inasmuch as *Booker* was not decided until January 12, 2005. Under *plain error review*, there must be (1) an error, (2) that is plain, and (3) affects the defendant's substantial rights. *Id.* When these three factors are met, we may then exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The *Rodriguez* Court also addressed the situation, as Petitioner's, where the law changed between sentencing and the completion of his direct appeal time, as follows:

> . . . [E]ven though the error was not plain at the time of sentencing, the subsequent issuance of *Booker* establishes that the error is plain at the time of appellate consideration. *See United States v. Shelton,* 400 F.3d 1325, 1331 (11th Cir. 2005); *Rodriguez,* 398 F.3d at 1299. *See also Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that the error be 'plain' at the time of appellate consideration.").

In applying the third prong of the plain error test, the burden is

> on [the defendant] to demonstrate that the plain error "affects his substantial rights." *Rodriguez,* 398 F.3d at 1300. We must ask "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Id.* at 1301.

The *Rodriguez* Court exactly describes Petitioner Raines situation. The effect of the error on the result in the district court is uncertain and indeterminate - the Court would have to speculate - Petitioner Raines has not met his burden of showing a reasonable probability that Judge Royal would have passed a different sentence. Therefore, Petitioner Raines has not carred his burden of showing prejudice that his substantial rights have been affected.

No ineffective assistance of counsel having been found, nor any plain error in regard to a post-*Booker* sentence under the circumstances, there is no need for an evidentiary hearing, and Petitioner has not shown entitlement to a hearing.

WHEREFORE, IT IS RECOMMENDED that Petitioner Raines Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of June 2006.

                                                S/G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE